William R. Brennan, Jr., J.
This is a proceeding under article 79 of the Civil Practice Act for a judicial settlement of petitioners’ accounts as trustees under an inter vivos trust agreement, and for a construction thereof. Under the construction of the instrument adopted by the court, the trust is hereby held to have terminated on August 27, 1960, and the proceeding is accordingly deemed one for a final rather than an intermediate accounting.
Neither the special guardian for the infants nor any other party to the proceeding has raised any objection to any of the schedules filed by the petitioners, and as the accounts appear to be in order, the petition is granted to the extent of settling the accounts as filed.
The declaration of trust was made on April 8,1920 by Eversley Childs. It provided for monthly payments of income for life to William H. II. Childs, the donor’s son. William H. H. Childs died on May 4, 1936, leaving Catherine C. Willis as his sole surviving child.
The declaration contains three paragraphs the language of which has given rise to the alleged problem of construction. These paragraphs read as follows:
‘ ‘ fourth : Upon the death of the said William H. II. Childs, the trustees are directed and they covenant and agree to divide the said trust fund into as many parts as he shall leave children him surviving, hold one of such parts for such child until he or she shall attain the age of forty years, except as hereinafter provided; during minority, apply so much of the net income derived therefrom to his or her support, maintenance and education as in their discretion my trustees may deem necessary; at majority, pay him or her all accumulations of income and *418 thereafter all net income, and as he or she shall attain the age of forty years, pay him or her the principal of the trust created for his or her benefit.
‘ ‘ fifth : In the event that my grandchild, Mary E. Childs, who was born on the 8th day of September, 1915, shall die before the children of my son, William, shall attain the age of forty years, the principal of said trusts with the accumulations thereon, if any, shall be paid to such of said lawful children as were living prior to the date hereof, as hereinbefore provided, and all lawful children of my said son, William, born after the date hereof, are to share equally with the other lawful children of the said William, as hereinbefore provided, but such after-born children shall receive the interest and principal of their share of the trust upon the death of the said Mary E. Childs.
‘ ‘ sixth : Should any of the children of my son, William, die before the share intended for him or her shall vest, then I direct and the trustees covenant and agree that such share shall thereupon be paid to his or her children.”
Catherine Willis was born on August 27, 1920, and became 40 years of age on August 27, 1960. Mary E. Childs, referred to in paragraph fifth is now Mary E. Forsdick, and she is still alive. Catherine Willis is also alive and has four children who are the infants represented by the special guardian in this proceeding.
The guardian bases his argument upon a construction of paragraph fifth of the trust instrument, but, however ingenious the argument may be, it fails simply because the contingency upon which said paragraph rests has not occurred. Mary E. Childs (Forsdick) did not die before Catherine Willis reached the age of 40, and the alleged construction question does not arise.
The special guardian is allowed the sum of $2,500 for services rendered and if the legal fees to be paid to the attorneys for the petitioners are not agreed upon in the judgment to be settled hereon, said attorneys may apply at the foot hereof to have their fees fixed by the court.